**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| STEVEN SIMONS,<br>*Plaintiff*,<br>v.<br>ARES CAPITAL MANAGEMENT LLC,<br>*Defendant*,<br>-and-<br>ARES CAPITAL CORPORATION,<br>*Nominal Defendant*. | C.A. No. 1:26-cv-03231 |

**CONSENT MOTION TO TRANSFER VENUE TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK AND CONTINUE RESPONSE DEADLINES**

Defendant Ares Capital Management LLC ("ACM" or "Defendant"), by and through undersigned counsel, with the consent of Plaintiff Steven Simons ("Plaintiff") (collectively, the "Parties"), respectfully moves this Court, pursuant to 28 U.S.C. § 1404(a), to transfer this action to the United States District Court for the Southern District of New York, to continue all deadlines to serve a responsive pleading to the Complaint, pending transfer, and to order that Defendant shall not be required to respond to the Complaint unless and until the transferee court so orders. In support of this Consent Motion, Defendant states as follows:

1. On August 14, 2026, Plaintiff filed a Verified Shareholder Derivative Complaint in this Court derivatively on behalf of Ares Capital Corporation ("ARCC") against ACM, alleging violations of § 36(b) of the Investment Company Act of 1940 (the "ICA"), 15 U.S.C. § 80a-35(b). *See* Compl., D.E. 1.

2. Defendant agreed to waive service of the Complaint. *See* D.E. 7.

3. Per Federal Rule of Civil Procedure 4(d), following Defendant's execution of a Waiver of the Service of Summons (D.E. 7), Defendant's current deadline to serve a responsive pleading is October 19, 2026.

4. The Complaint alleges that Plaintiff is a shareholder of ARCC, a Maryland corporation with principal executive offices located at 245 Park Avenue, 44th Floor, New York, New York. Compl. ¶¶14-15 and caption. Defendant represents that it performs substantial investment advisory and valuation services challenged by Plaintiff in the Southern District of New York. Plaintiff resides in Los Angeles County, California. D.E. 1-1 (civil cover sheet).

5. Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."

6. In the Fourth Circuit, courts apply a three-part test to determine whether a transfer is appropriate under § 1404(a): (1) the transferee court must be a court where the action could have been brought initially; (2) the transfer must be convenient to the parties and witnesses; and (3) the transfer must be in the interest of justice. *Invictus Aerospace Grp., LLC v. Point Blank Enters., Inc.*, 2020 WL 2085464, at *5 (D. Md. Apr. 30, 2020); *see also Kimber v. Plus3 IT Sys., LLC*, 2019 WL 1518970, at *3 (D. Md. Apr. 5, 2019).

7. Here, all requirements for transfer under § 1404(a) are satisfied. This action could have been brought in the Southern District of New York as, prior to the commencement of the litigation, ARCC and ACM consented in writing to the Southern District of New York as an appropriate forum, ARCC maintains principal executive offices in New York, and ACM performed many of the services at issue in New York. *See* 28 U.S.C. § 1391(b)(1) & (2); 15 U.S.C. § 80a-43; *Tryon v. AgriNova Corp.*, 2011 WL 332415, at *10 (D. Md. Jan. 31, 2011) (finding

venue proper where substantial part of the events at issue occurred and defendant's principal office is located).

8. Plaintiff, by contrast, does not reside in Maryland and filed suit in this District because ARCC is a Maryland corporation. After conferring through their respective counsel, the Parties agree that litigating in the District of Maryland is no more convenient than litigating in the Southern District of New York. Transfer will therefore serve the convenience of the Parties and witnesses.

9. In addition, a related litigation arising under § 36(b) of the ICA was filed against ACM in the Southern District of New York and is currently pending before Judge Jennifer H. Rearden. *See Siegel v. Ares Capital Management LLC*, No. 1:26-cv-04371 (S.D.N.Y. filed May 26, 2026). The *Siegel* action raises duplicative claims and similar allegations to those asserted by Plaintiff in this action. Transfer of this action to the Southern District of New York where the related *Siegel* matter is pending would therefore promote judicial economy. *See Kimber*, 2019 WL 1518970, at *6 (noting the interest of justice favors transfer where related actions are pending in the transferee forum); *Holmes v. Live Nation Ent., Inc.*, 2025 WL 2879579, at *5–6 (D. Md. Oct. 9, 2025) (Rubin, J.) (same). The Parties have conferred through counsel and Plaintiff has consented to the transfer of this action to the United States District Court for the Southern District of New York.

10. Plaintiff has further consented to continue all deadlines to serve a responsive pleading to the Complaint, pending transfer and unless and until the transferee court so orders.

11. The Supreme Court has held that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248,

254 (1936). Three factors should be considered in weighing a motion to stay: "(1) the interests of judicial economy; (2) hardship and equity to the moving party if the action is not stayed; and (3) potential prejudice to the non-moving party." *Davis v. Biomet Orthopedics, LLC*, 2013 WL 682906, at *1 (D. Md. Feb. 22, 2013) (quoting *Johnson v. DuPuy Orthopaedics, Inc.*, 2012 WL 4538642, at *2 (D.S.C. Oct. 1, 2012)).

12. There is no dispute that these factors favor the limited continuance that Defendant requests in this Consent Motion. First, a continuance will serve the interests of judicial economy by ensuring that substantive briefs and responses are filed in the appropriate forum after the Court determines the forum in which this litigation will proceed. Second, it will avoid the hardship of preparing substantive briefs or responses in this District that may need to be revised and refiled in the Southern District of New York in the event that transfer is granted. Third, Plaintiff consents to this request and will incur no prejudice from the brief continuance and may also benefit from the avoidance of duplicative proceedings.

13. Except as expressly set forth herein, nothing in this Consent Motion shall be deemed to waive any claims, arguments, defenses, or objections of any party, all of which are expressly preserved.

For the foregoing reasons, Defendant ACM respectfully requests that this Court grant this Consent Motion, transfer this action to the United States District Court for the Southern District of New York, continue all deadlines pending transfer, and order that there shall be no requirement to respond to the Complaint unless and until the transferee court so orders.

Dated: September 14, 2026

By:

Respectfully submitted,

*/s/ Sarah E. McVay*

**KIRKLAND & ELLIS LLP**
Sarah E. McVay (D. Md. Bar No. 30259)
1301 Pennsylvania Avenue, N.W.
Washington, DC 20004
Telephone: (202) 389-5000
Facsimile: (202) 389-5200
sarah.mcvay@kirkland.com

*Attorney for Defendant Ares Capital Management LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 14, 2026, a copy of the foregoing was electronically filed. Notice of this filing will be sent to all counsel of record by operation of the Court's Electronic Filing System.

By: */s/ Sarah E. McVay*

Sarah E. McVay (D. Md. Bar No. 30259)
1301 Pennsylvania Avenue, N.W.
Washington, DC 20004
Telephone: (202) 389-5000
Facsimile: (202) 389-5200
sarah.mcvay@kirkland.com

*Attorney for Defendant Ares Capital Management LLC*